LAWRENCE S. VIOLA, ESQ., SBN 130335
KATHLEEN RAE PANEK, ESQ., SBN 241307
KNAPP & VIOLA, P.C.
441 First Avenue, P.O. Drawer 1290
San Mateo, CA 94401-1290
Telephone:     (650) 343-6400
Facsimile:     (650) 342-6854
Electronic Mail:     lviola@violaw.com
                    kpanek@violaw.com

Attorneys for Defendants,
QUALITY STRIPING, INC., a California Corporation, and
MICHAEL RAYMOND SERIGHT

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>QUALITY STRIPING, INC., a California Corporation, et al.,<br><br>Defendants. | Case No. CV 08-01342 JL<br><br>ANSWER OF DEFENDANT MICHAEL RAMOND SERIGHT; DEMAND FOR JURY TRIAL |

Defendant MICHAEL RAYMOND SERIGHT (hereinafter, "Defendant,") hereby answers the Complaint as follows:

**ADMISSIONS AND DENIALS**

1.    Responding to paragraph 1 of the Complaint, Defendant admits that this Court has jurisdiction pursuant to sections 185 and 1132 of title 29 of the United States Code; Defendant denies that it has failed to satisfy any obligation to make trust fund contributions; as to the remaining allegations in paragraph 1, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

2.    Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and on that basis denies them.

4. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and on that basis denies them.

5. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and on that basis denies them.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and on that basis denies them.

7. Responding to paragraph 7 of the Complaint: Defendant admits that Defendant QUALITY STRIPING, INC. ("STRIPING") is and was a California Corporation principally located in San Mateo, California; Defendant admits that he was STRIPING's Responsible Managing Officer, Chief Executive Officer and President at the time of the incidents described in the Complaint; Defendant denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendant realleges and incorporates by reference, as though fully set forth, the contents of its responses to the foregoing paragraphs.

9. Defendant admits that he signed a memorandum agreement as owner of STRIPING, on or around March 26, 2004; Defendant denies the remainder of the allegations contained in paragraph 9 of the Complaint.

10. Responding to paragraph 10 of the Complaint, Defendant admits that contributions under the Laborer's Master Agreement and Laborer's Trust Agreements ("Agreements") were due by the 25th day of the month immediately following the month within which the work was performed; Defendant admits that the Agreements provide that delinquent contributions thereunder are subject to interest of 1.5% per month and liquidated damages of $150.00 per contribution, but Defendant denies that the liquidated damages are not a penalty; and Defendant admits that the Agreements require a defaulting individual employer to pay attorney's fees, court costs and other reasonable expenses incurred by Plaintiffs in collection of sums due in the event of a default under the Agreements. Defendant denies that he or STRIPING were bound under the terms of the Agreements, or alternatively, that any sums are unpaid or overdue, and on that basis denies the remainder of the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies that any monies are due or payable to Plaintiffs and accordingly denies that Plaintiffs are entitled to attorney's fees and costs in collection; Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and on that basis denies them.

16. Defendant realleges and incorporates by reference, as though fully set forth, the contents of its responses to the foregoing paragraphs.

17. In responding to paragraph 17 of the Complaint, Defendant denies that he or SERIGHT are bound by the Agreements, or alternatively, that any funds are due or payable thereunder; Defendant admits that ERISA section 515 requires individual employers to comply with the terms of their collective bargaining agreements, and admits that Plaintiffs are entitled to enforce compliance with the Agreements.

18. In responding to paragraph 18 of the Complaint, Defendant denies that he was required to report or pay any contributions, as he was not a party to the Agreements in his individual capacity; Defendant denies that STRIPING was bound to the Agreements, or alternatively, that it failed to report or pay contributions for any work covered by the Master Agreements; Defendant admits that the Agreements require payment of interest on unpaid contributions at the rate of 1.5% per month, and liquidated damages in the amount of $150.00 for each delinquent monthly payment..

19. Defendant admits that ERISA section 502(g)(2)(B) allows for the recovery of interest on unpaid contributions, and that section 502(g)(2)(C) allows for the recovery of the greater of: interest on the unpaid contributions, or liquidated damages not to exceed 20% after judgment. Defendant admits that the Agreements provide for interest at the rate of 1.5% per month, and liquidated damages of $150 per delinquent monthly payment. Defendant denies that he or STRIPING are bound to the Agreements, or alternatively that any contributions were due and unreported or unpaid, and on that basis, denies the remainder of the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies that plaintiffs have suffered any damages; Defendant is without

sufficient knowledge or information to form a belief as to the truth of the allegations contained in the remainder of paragraph 20 of the Complaint, and on that basis denies them.

21. Defendant realleges and incorporates by reference, as though fully set forth, the contents of its responses to the foregoing paragraphs.

22. Defendant admits the allegations contained in paragraph 22 of the Complaint.

23. In responding to the allegations in paragraph 23 of the Complaint, Defendant admits that he was the Responsible Managing Officer, CEO and President of STRIPING; Defendant denies the remaining allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. In responding to the allegations in paragraph 25 of the Complaint, Defendant denies that Plaintiff should be granted any relief; Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint, and on that basis denies them..

26. Defendant realleges and incorporates by reference, as though fully set forth, the contents of its responses to the foregoing paragraphs.

27. In responding to the allegations in paragraph 27 of the Complaint, Defendant admits that the Agreements require individual employers to allow access to books and records, but denies that he or STRIPING are or were bound to the terms of the Agreements; Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Complaint and on that basis denies them.

28. In responding to the allegations in paragraph 28 of the Complaint, Defendant admits that the statutes cited permit legal and equitable relief but denies that any such relief is appropriate here; Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the Complaint, and on that basis denies them.

29. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and on that basis denies them.

## **AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

1. As a first affirmative defense, Defendant asserts that Plaintiffs have failed to state a claim for equitable relief in their first claim under ERISA section 502 (29 U.S.C. § 1132(a)(3)(B)).

SECOND AFFIRMATIVE DEFENSE

2. As a second affirmative defense, Defendant asserts that the liquidated damages sought by Plaintiffs pursuant to the Agreement are void as constituting a penalty.

THIRD AFFIRMATIVE DEFENSE

3. As a third affirmative defense, Defendant maintains that no binding agreement existed between the parties for lack of mutual assent thereto.

FOURTH AFFIRMATIVE DEFENSE

4. As a fourth affirmative defense, Defendant maintains that its consent to be bound by the agreement, if any, was induced by fraud.

FIFTH AFFIRMATIVE DEFENSE

5. As a fifth affirmative defense, Defendant asserts that the parties' agreement, if any, was terminated by the mutual rescission of Defendant and Plaintiffs, and/or Defendant and the Local Laborer's Union.

SIXTH AFFIRMATIVE DEFENSE

6. As a sixth affirmative defense, Defendant seeks setoff for any and all amounts paid as contributions, any and all of which were made as a result of Defendant's mistake;

SEVENTH AFFIRMATIVE DEFENSE

7. As a seventh affirmative defense, Defendant asserts that Plaintiffs' third claim is barred by the statute of limitations provided in ERISA section 413 (29 U.S.C. § 1113).

EIGHTH AFFIRMATIVE DEFENSE

8. As an eighth affirmative defense, Defendant asserts that Plaintiff has waived any and all claims that he may have or have had against Defendant.

NINTH AFFIRMATIVE DEFENSE

9. As a ninth affirmative defense, Defendant asserts that Plaintiff's claims for relief are barred by the equitable doctrines of estoppel and laches.

//

1  WHEREFORE, Defendant DEMANDS A TRIAL BY JURY, and prays as follows:

2      1.    That Plaintiffs take nothing by reason of their complaint, that judgment be rendered in

3  favor of Defendant;

4      2.    That Defendant be awarded its costs of suit incurred in defense of this action;

5      3.    That Defendant be credited any and all mistaken contributions as setoff against any award

6  made in Plaintiffs' favor; and

7      4.    For such other relief as the Court deems proper.

                                      KNAPP & VIOLA
                                      A Professional Corporation

Dated: _____            By:           /s/
                                      Lawrence S. Viola, Esq.
                                      Attorneys for Defendants, QUALITY STRIPING,
                                      INC. and MICHAEL RAYMOND SERIGHT